**WO**

JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Miguel Tena, Jr., | No.    CV-23-00425-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Alfredo Miguel Tena, Jr., who is confined in the Pima County Adult Detention Center, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 3).   For the following reasons, the Court will grant Plaintiff's Application to Proceed In Forma Pauperis but dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.   28 U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.       Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a

pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). For the following reasons, Plaintiff's Complaint will be dismissed for failure to state a claim. Because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

Plaintiff is awaiting trial in Pima County Superior Court case #CR20231161 on charges of manufacturing, possessing, transporting, selling or transferring a prohibited weapon; possession of a weapon by a prohibited possessor; possession of narcotic drugs; discharging a firearm within city limits; and possession of drug paraphernalia.[1] Plaintiff is also awaiting trial in Pima County Superior Court case #CR20231162 on charges of aggravated assault, discharging a firearm within city limits, possession of a weapon by a prohibited possessor, possession of a dangerous drug, and possession of drug paraphernalia.[2]

In his Complaint, Plaintiff sues the State of Arizona, Pima County, and the City of Tucson. Plaintiff asserts claims of "false imprisonment" under the Fourth, Fifth, and Fourteenth Amendments. He seeks monetary relief and restoration of his rights.

Plaintiff alleges the following:

Defendants are responsible for allowing the violation of his civil rights by multiple Tucson Police Department officers, who "flagrant[ly] disregard[ed]" procedures "Congress has commanded." Plaintiff asserts Defendants allowed him to be falsely imprisoned "due to malicious and fraudulent, criminal police activity." Plaintiff claims he was a victim of a shooting, but he did not know the name of the person who shot him, and he did not want to assist in police investigations. Plaintiff asserts Pima County Superior

---

[1] *See* Pima County, Clerk of Superior Court, Website Record Search, https://www.cosc.pima.gov/PublicDocs/ (search by case number CR20231161) (last visited Oct. 20, 2023).

[2] *See* Pima County, Clerk of Superior Court, Website Record Search, https://www.cosc.pima.gov/PublicDocs/ (search by case number CR20231162) (last visited Oct. 20, 2023).

Court is "holding [him] captive and presuming [him] to be guilty even while the police reports and evidence are obviously full of false police testimony" and physical evidence that "contradicts" probable cause.  Plaintiff alleges six Tucson Police Department officers violated his rights on September 2, 2023, and March 11, 2023, by charging him in CR20231161 and CR20231162 and by using a 13-year-old felony to "deface" his character and to justify the "thorough violations of all [his] rights as a United States citizen."  As his injury, Plaintiff claims he suffered a gunshot wound that did not heal properly, severe mental and emotional distress, loss of employment, and theft of his dog.

Plaintiff designates Count One as a false imprisonment claim under the Fourth Amendment; Count Two as a false imprisonment claim under the Fourteenth Amendment; and Count Three as a false imprisonment claim under the Fifth Amendment.

**IV.  Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of the defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

**A.  State of Arizona**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). The Court will therefore dismiss the State of Arizona.

**B.     Pima County and City of Tucson**

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents."  *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006).  The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality.  *Botello v. Gammick*, 413 F.3d 971, 978–79 (9th Cir. 2005).  A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff has failed to allege facts to support Defendant Pima County or Defendant City of Tucson maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom.  Thus, the Court will dismiss without prejudice Defendants Pima County and City of Tucson.

**C.     *Younger* Abstention**

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial." (emphasis added)).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972) (per curiam).  Special

1  circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by
2  state officials in bad faith without hope of obtaining a valid conviction and perhaps in other
3  extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*,
4  626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

5      Plaintiff has failed to show special or extraordinary circumstances indicating he will
6  suffer irreparable harm if this Court abstains from hearing his claims until after he has a
7  chance to present them to the state courts. *See Younger*, 401 U.S. at 45–46; *Carden*, 626
8  F.2d at 83–84. Thus, the Court will abstain from interfering in Plaintiff's ongoing state-
9  court criminal proceedings.

10 **V.      Leave to Amend**

11     For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to
12 state a claim upon which relief may be granted. By **November 27, 2023**, Plaintiff may
13 submit a first amended complaint to cure the deficiencies outlined above. The Clerk of
14 Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.
15 If Plaintiff fails to use the court-approved form, the Court may strike the amended
16 complaint and dismiss this action without further notice to Plaintiff.

17     Plaintiff must clearly designate "First Amended Complaint" on the face of the
18 document. The first amended complaint must be retyped or rewritten in its entirety on the
19 court-approved form and may not incorporate any part of the original Complaint by
20 reference. Plaintiff may include only one claim per count.

21     A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*,
22 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
23 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original
24 Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the
25 original Complaint and subsequently dismissed is waived if it is not alleged in a first
26 amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en
27 banc).

28     If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

1  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

2  of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do;

3  (4) how the action or inaction of the Defendant is connected to the violation of Plaintiff's

4  constitutional right; and (5) what specific injury Plaintiff suffered because of the

5  Defendant's conduct.  *See Rizzo*, 423 U.S. at 371–72, 377.

6  　　　Plaintiff must repeat this process for each person he names as a Defendant.  If

7  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

8  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

9  failure to state a claim.  **Conclusory allegations that a Defendant or group of**

10  **Defendants has violated a constitutional right are not acceptable and will be**

11  **dismissed**.

12  　　　Plaintiff should note "[t]he Fourth Amendment prohibits 'unreasonable searches

13  and seizures' by the Government."  *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

14  Probable cause for an arrest exists "if the arresting officers 'had knowledge and reasonably

15  trustworthy information of facts and circumstances sufficient to lead a prudent person to

16  believe that [the arrestee] had committed or was committing a crime.'"  *Gravelet-Blondin*

17  *v. Shelton*, 728 F.3d 1086, 1097–98 (9th Cir. 2013) (quoting *Maxwell v. County of San*

18  *Diego*, 697 F.3d 941, 951 (9th Cir. 2012)).  "If an officer has probable cause to believe that

19  an individual has committed even a very minor criminal offense in his presence, he may,

20  without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago*

21  *Vista*, 532 U.S. 318, 354 (2001).

22  　　　Plaintiff should also be aware that "[f]alse arrest, a species of false imprisonment,

23  is the detention of a person without his consent and without lawful authority."  *Donahoe v.*

24  *Arpaio*, 869 F. Supp. 2d 1020, 1064 (D. Ariz. 2012) (quoting *Reams v. City of Tucson*, 701

25  P.2d 598, 601 (Ariz. Ct. App. 1985)), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804

26  (9th Cir. 2013).  Under Arizona law, false imprisonment and false arrest consist of non-

27  consensual detention of a person "without lawful authority."  *Slade v. City of Phoenix*, 541

28  P.2d 550, 552 (Ariz. 1975).  "Reflective of the fact that false imprisonment consists of

detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato,* 549 U.S. 384, 389 (2007) (emphasis in original).

To state a § 1983 claim for false arrest, Plaintiff must show Defendants made the arrest without probable cause or other justification. *Gravelet-Blondin*, 728 F.3d at 1097. "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097–98 (quoting *Maxwell*, 697 F.3d at 951); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added).

"[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) ("Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest."). "Thus . . . '[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails.'" *Price*, 256 F.3d at 369 (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (finding no unconstitutional seizure where police had probable cause to arrest plaintiff for one offense, even if police lacked probable cause to arrest for a second offense).

Finally, Plaintiff should note that to state a Fifth Amendment claim, he must allege he made a coerced statement that is *used against him*. *Chavez v. Martinez*, 538 U.S. 760, 766–67, 770 (2003) ("[A] violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case.")

**VI.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **GRANTED**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim.  Plaintiff has until **November 27, 2023,** to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint by **November 27, 2023**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 24th day of October, 2023.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
                  Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

           Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

           Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
        (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 12/1/20                      1                           **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed
as: _____ at_____.
      (Position and Title)                                                        (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
      (Position and Title)                                                        (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
      (Position and Title)                                                        (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at_____.
      (Position and Title)                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?      ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                     ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count III?                   ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                               DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6